IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Francis J. KORTSCH, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Francis J. KORTSCH, Respondent.

Supreme Court

*No. 98–2989–D. Filed April 27, 1999.*

(Also reported in 591 N.W.2d 841.)

235

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Francis J. Kortsch to practice law in Wisconsin be revoked as discipline for professional misconduct consisting of theft from a client, for which Attorney Kortsch was convicted of a felony. Attorney Kortsch committed that crime by submitting fraudulent billings to the client. We determine that the seriousness of Attorney Kortsch's professional misconduct warrants the revocation of his license to practice law. He used his professional position to steal client funds, thereby betraying the trust the client had placed in him.

¶ 2. Attorney Kortsch was admitted to practice law in Wisconsin in 1988 and has an office in Milwaukee. The court suspended his license May 22, 1995 for 60 days as discipline for continuing to practice law while suspended for noncompliance with continuing legal education requirements. Attorney Kortsch continues to be suspended from practice for failure to comply with continuing legal education requirements. When Attorney Kortsch did not file an answer to the Board of Attorneys Professional Responsibility's (Board) complaint, the referee, Attorney John R. Decker, held a hearing and granted the Board's motion for default judgment. The referee also granted the parties' request for time to file memoranda on the issue of discipline, but when neither party did so, the referee filed his report, including findings of fact based on the Board's complaint.

¶ 3. When retained in September 1991 to represent a Michigan union's health and welfare fund in collecting unpaid health insurance premiums for union members from delinquent employers, Attorney Kortsch was not licensed to practice law in Michigan but misrepresented to his client that he would obtain or

236

was obtaining a license. In fact, he never filed an application for admission to the Michigan bar.

¶ 4.  Between the time he was retained and July 1993, when the client terminated his representation, Attorney Kortsch billed the client for filing fees and litigation services in connection with 42 lawsuits that never had been filed. He gave the client computer generated billings that set forth filing costs as well as attorney time charges for pretrials, scheduling conferences, and other services. He then attempted to conceal his conduct by falsely maintaining that his files had been tampered with. He failed to turn over those files to the client for more than one year, and when he did so, the files were incomplete. An audit conducted in the course of civil litigation against him disclosed that his fraudulent billings totaled $48,563. He and the client entered into an agreement in that action for repayment pursuant to a schedule, but he did not comply with that schedule.

¶ 5.  Attorney Kortsch then was charged in federal court in Michigan with one felony count of embezzling, stealing and unlawfully and willfully abstracting and converting to his own use approximately $48,000 from the client. When he entered a guilty plea, Attorney Kortsch told the court he had subcontracted the collection work to another attorney but billed the client for that work himself, when in fact the work was not being performed. The court sentenced Attorney Kortsch to five years' probation, placed him on home confinement with electronic monitoring for 14 months, and ordered him to participate in a substance abuse program and make restitution to the client. At the time of sentencing, Attorney Kortsch had repaid the client approximately $11,000.

¶ 6. On the basis of those facts, the referee concluded that by his embezzlement and theft from the client, Attorney Kortsch committed a crime that adversely reflects on his honesty and trustworthiness as a lawyer, in violation of SCR 20:8.4(b).[1] Further, the embezzlement and theft and his attempt to conceal the facts from his client constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[2] As discipline for that misconduct, the referee recommended that Attorney Kortsch's license to practice law be revoked. The referee considered Attorney Kortsch's fraudulent billings as the product of a "calculated and brazen scheme" involving substantial sums of money. Moreover, when confronted by his client, he resorted to deception and stalling tactics regarding the client's files. The referee also took into account that Attorney Kortsch has been suspended from the practice of law for conduct that reflects adversely on his trustworthiness, namely, practicing law while under suspension.

¶ 7. We adopt the referee's findings of fact and conclusions of law and determine that license revocation is the appropriate discipline to impose for Attorney Kortsch's professional misconduct. We also require him

---

[1] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:

. . .

(b)  commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

[2] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
(c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

to pay the costs of this proceeding, as the referee recommended.

¶ 8. IT IS ORDERED that the license of Francis J. Kortsch to practice law in Wisconsin is revoked, effective the date of this order.

¶ 9. IT IS FURTHER ORDERED that within 60 days of the date of this order, Francis J. Kortsch pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

¶ 10. IT IS FURTHER ORDERED that Francis J. Kortsch comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law has been revoked.